# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-60370
Summary Calendar

BERRY BROTHERS GENERAL CONTRACTORS INC; ZURICH
AMERICAN INSURANCE COMPANY

Petitioners

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US
DEPARTMENT OF LABOR; PERRY W TAYLOR

Respondents

Petition for Review from the
Benefits Review Board
BRB Nos. 06-0675 & 06-0675A

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Berry Brothers ("Berry") petitions for review of the final decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") decision. The ALJ found Berry responsible for an injury suffered by Perry Taylor ("Taylor") pursuant to the Longshore and Harbor Workers' Compensation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Act ("LHWCA"), as amended, 33 U.S.C. § 901 et seq. Berry's petition is DENIED.

## I. FACTS AND PROCEEDINGS

On April 7, 2004, while working as a welder for Berry, Taylor injured his right knee when the catwalk on which he was working flipped. He continued working the day of his injury and the following day. He was off for two weeks because of a lack of work. After returning to work for Berry, he sought medical attention and was removed from work on June 8, 2004 by Dr. Fitter who prescribed Vioxx for Taylor. Fitter returned Taylor to work on June 22, 2004, but Taylor did not return to work for Berry. In his deposition, Fitter testified that without attempting to engage in work activities, a patient would not know if the disability were temporary or permanent.

Taylor went to work for other employers. He stopped taking Vioxx and his knee pain returned. He went to see Fitter again in November 2004 who recommended an MRI of Taylor's knee, but Berry canceled the MRI because it was too expensive. In February 2005, Taylor saw Dr. Blanda about his knee. Blanda recommended an arthrogram and reviewed an MRI that Taylor had paid for himself. Blanda recommended arthroscopic surgery. He also testified in his deposition that activities normally performed by a welder would aggravate or exacerbate Taylor's knee condition. Blanda indicated that Vioxx would have relieved the symptoms of Taylor's injury.

Taylor filed a notice of controversion on December 20, 2004. On June 3, 2005, he asked the Department of Labor to refer the matter to an ALJ for disposition. It was referred to an ALJ on June 8, 2005. On November 23, 2005, Berry moved for leave to file a third-party complaint. The ALJ denied the motion on December 7, 2005 because trial was set for January 2006 and Taylor would be prejudiced by the continuance resulting from the addition of a third party. After a hearing, the ALJ found that Berry was the employer responsible

for Taylor's injury. The ALJ decided that Berry, as opposed to Taylor's employers subsequent to the catwalk accident, was responsible for Taylor's temporary disability benefits and medical expenses because Taylor's condition was the natural progression of the original injury and not the aggravation of a prior injury. The Board affirmed.

In its petition, Berry argues that the Board erred in affirming the ALJ's finding that Taylor's continued pain was a natural progression of his catwalk injury. It also asks this Court to review the ALJ's denial of its motion for leave to file a third-party complaint.

## II. STANDARD OF REVIEW

> We review a decision of the Benefits Review Board using the same standard the Board applies to review a decision of the ALJ: whether the decision is supported by substantial evidence and is in accordance with law. Substantial evidence is evidence that provides a substantial basis of fact from which the fact in issue can be reasonably inferred . . . more than a scintilla . . . more than create a suspicion . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The substantial evidence standard is less demanding than that of preponderance of the evidence, and the ALJ's decision need not constitute the sole inference that can be drawn from the facts.

> Moreover, we may not substitute our judgment for that of the ALJ, nor reweigh or reappraise the evidence, but may only determine whether evidence exists to support the ALJ's findings. All doubts are to be construed in favor of the employee in accordance with the remedial purposes of the act.

New Thoughts Finishing Co. v. Chilton, 118 F.3d 1028, 1030–31 (5th Cir. 1997) (internal quotations and citations omitted).

## III. APPLICABLE LAW

"[T]he aggravation rule is a doctrine of general workers' compensation law which provides that, where an employment injury worsens or combines with a preexisting impairment to produce a disability greater than that which would

have resulted from the employment injury alone, the entire resulting disability is compensable." Strachan Shipping Co. v. Nash, 782 F.2d 513, 517 (5th Cir. 1986). An aggravation of a preexisting condition can be an injury under the LHWCA. Id. Thus, "a single employer may be held liable for the totality of an injured worker's disability, even though the disability may be attributable to a series of injuries that the worker suffered while working for more than one employer." Metro. Stevedore Co. v. Crescent Wharf & Warehouse Co., 339 F.3d 1102, 1104 (9th Cir. 2003).

> [I]n cases where the disability is the result of cumulative traumas, so-called 'two-injury' cases, the responsible employer depends upon the cause of the worker's ultimate disability. If the worker's ultimate disability is the result of the natural progression of the initial injury and would have occurred notwithstanding a subsequent injury, the employer of the worker on the date of the initial injury is the responsible employer. However, if the disability is at least partially the result of a subsequent injury aggravating, accelerating or combining with a prior injury to create the ultimate disability, we have held that the employer of the worker at the time of the most recent injury is the responsible, and therefore liable, employer.

Id. at 1105.

## IV. DISCUSSION

### A. Aggravation Rule

Berry argues that the Board erred in affirming the ALJ's finding because of the testimony of Doctors Fitter and Blanda. Fitter testified that "repeated deep knee bends can accelerate the degenerative process. In other words, make it worse." He said that such activities "can be expected to aggravate . . . arthritic change." However, Fitter also testified that he returned Taylor to work and that Taylor had to engage in regular work activities to know if the arthritic condition was a temporary or permanent condition. Fitter concluded that the catwalk "accident was a significant factor in developing symptoms from [Taylor's]

arthritis." He also agreed that Taylor's condition was a normal progression of an arthritic condition that became painful as a result of the catwalk accident.

Blanda testified that the activities of a welder would probably exacerbate a knee condition like Taylor's. He stated "[i]f you have an injury and you continue to abuse the joint with severe wear and tear problems, then you're going to cause further damage." Blanda also said "an injury predisposes or causes degeneration in many cases . . . ."

Berry relies on four cases where an employee's last employer was held responsible for aggravating a condition originally suffered while working for a previous employer. In Kelaita v. Director, Office of Workers' Compensation Programs, the Ninth Circuit held the last employer responsible for the injury because the employee suffered "pain flare-ups . . . related to his work" at the last place of employment. 799 F.2d 1308, 1312 (9th Cir. 1986). In Foundation Constructors, Inc. v. Director, Office of Workers Compensation Programs, the Ninth Circuit held the last employer responsible for a preexisting back condition which deteriorated so much over the six months the employee worked for the last employer that he had to leave the job. 950 F.2d 621, 622, 625 (9th Cir. 1991). In Metropolitan Stevedore Company, the Ninth Circuit held that an employer was responsible for an employee whose previous condition got progressively worse over one day of work, the only day that employee worked for the company. 339 F.3d at 1104, 1107. In Delaware River Stevedores, Inc. v. Director, Office of Workers' Compensation Programs, the Third Circuit held the last employer responsible when the employee suffered a flare-up of pain after months of working long hours that resulted in a final debilitating event. 279 F.3d 233, 242–43 (3d Cir. 2002).

None of these cases are applicable. There is no indication in the record that Taylor suffered from increased pain, a flare-up of pain, or a worsening of his condition caused by his work for a subsequent employer. While Fitter and

Blanda opined that strenuous activity consistent with welding work would likely aggravate an injury like Taylor's, nothing indicates that it actually did. The record indicates that Taylor's condition remained the same after his injury, but the symptoms were reduced while he was taking Vioxx. Blanda's testimony that Vioxx would reduce Taylor's pain is consistent with the ALJ's finding that Taylor's pain was a natural progression of the original injury. Under the deferential substantial evidence standard of review, this Court must deny Berry's petition.

B.     Denial of Motion for Leave to File Third-Party Complaint

Berry argues that the ALJ abused its discretion by denying its motion for leave to file a third-party complaint. Upon the filing of a petition by a party, the courts of appeals "shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the [Benefits Review] Board . . . ." 33 U.S.C. § 921(c). Berry does not allege that it raised the denial of its motion in its petition to the Board. There is no mention of the denial of the motion in Berry's petition for review to the Board, nor in the Board's decision and order. Because Berry did not raise this issue before the Board, "[w]e therefore may not consider it." James J. Flanagan Stevedores, Inc. v. Gallagher, 219 F.3d 426, 437 (5th Cir. 2000); see also United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 36–37 (1952).

## V. CONCLUSION

Berry's petition is DENIED.